| | |
|---|---|
| 1 | |
| 2 | UNITED STATES DISTRICT COURT |
| 3 | SOUTHERN DISTRICT OF OHIO |
| | WESTERN DIVISION |

| | | |
|---|---|---|
| 5 | CNG FINANCIAL CORPORATION, | Case No. 1:06cv040 |
| 6 | | Judge Beckwith |
| | Plaintiff/Counterclaim-Defendant, | Magistrate Judge Black |
| 7 | | |
| | v. | **ANSWER AND COUNTERCLAIM OF** |
| 8 | | **GOOGLE INC.** |
| | GOOGLE INC., | |
| 9 | | **DEMAND FOR JURY TRIAL** |
| 10 | Defendant/Counterclaim-Plaintiff. | |

## ANSWER AND COUNTERCLAIM

Defendant/Counterclaim-Plaintiff Google Inc. ("Google"), by and through undersigned counsel and for its Answer to and Counterclaim against CNG Financial Corporation ("CNG"), states as follows:

## SUMMARY OF THE CASE

1. The first sentence of this paragraph seeks to characterize CNG's Complaint and requires no response. Google denies the allegations of the second sentence.

2. Google denies the allegations of the first sentence. With respect to the second sentence, Google lacks information and belief sufficient to know the reasons why unidentified companies are willing to pay to have links to their website appear in response to certain searches, and on that basis denies the allegations of the second sentence.

3. With respect to the first sentence, Google admits that under a former policy, it would not allow third parties to select trademarks as keywords that would trigger Sponsored Links following notification to Google by the trademark holder of the existence of the trademark; Google denies the remaining allegations of the first sentence. With respect to the allegations of the second sentence, Google admits that it has from time to time changed certain of its policies, including its policy with respect to triggering advertisements with trademarked words or phrases

in its AdWords program; Google denies the remaining allegations of the second sentence. With respect to the allegations of the third sentence, Google states that the prospectus cited and quoted in that sentence speaks for itself.

4. Google denies the allegations of the first sentence. As for the block quote following the first sentence, Google states that the prospectus cited and quoted in that sentence speaks for itself.

5. This paragraph states no more than legal conclusions to which no response is required.

**PARTIES, JURISDICTION AND VENUE**

6. Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

7. Google admits the allegations of the first sentence of this paragraph. The second sentence of this paragraph states no more than legal conclusions to which no response is required.

8. With respect to the first and second sentences, Google admits that the sorts of claims pursuant to 15 U.S.C. §§1114(1), 1125(a) and 1125(c) that are alleged in Plaintiff's complaint arise under the Lanham Act and that this Court would have subject-matter jurisdiction over them.

9. Google admits that this Court has subject-matter jurisdiction over the sorts of state law claims that are alleged in Plaintiff's Complaint.

10. Admitted.

11. Google admits that the Ohio statute, O.R.C. § 237.382, supports jurisdiction of the sorts of claims that are alleged in the Complaint.

12. Google admits that it is a corporation subject to the personal jurisdiction of this Court and that venue is therefore proper in this District under 28 U.S.C. §§ 1391(b) and (c). Google denies the remaining allegations of this paragraph and reserves its right to move to transfer this action to a more convenient venue.

## FACTUAL BACKGROUND

### CNG, the Check 'N Go Companies And The Check 'N Go Mark

13.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

14.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

15.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

16.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

17.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

18.     Google lacks information and belief sufficient to admit or deny the allegations contained in this paragraph, and on that basis denies them.

### Google's Business and its "AdWords" Program

19.     With respect to the first sentence, Google lacks information and belief sufficient to understand the reasons that the undifferentiated and undefined mass of "internet users" described in the first sentence would take the actions that they allegedly do, and on that basis denies the allegations of the first sentence. With respect to the second sentence, Google admits that it uses algorithms to match keywords entered by a user with a search results page, which generally includes a listing of websites; Google denies the remainder of the allegations of the second sentence. With respect to the third sentence, Google admits that it attempts to list its search results so that the most relevant results come first; Google denies the remainder of the allegations of the third sentence.

20.     Admitted.

21.     Google admits the allegations of the first sentence. With respect to the second sentence, Google admits that it provides its search engine platforms to customers such as AOL, Compuserve, EarthLink and Netscape; Google denies the remaining allegations of the second

1 sentence.

2     22.    Google admits the allegations of the first sentence. With respect to the second
3 sentence, Google admits that it offers its AdWords program to, among other persons or entities,
4 its business customers.

5     23.    With respect to the first sentence, Google admits that its AdWords program
6 enables its customers to bid on keywords that generate Sponsored Links; Google denies the
7 remainder of the allegations of the first sentence. With respect to the second sentence, Google
8 admits that a company may bid on certain keywords through Google's AdWords program, and
9 through that bidding process and the application of Google's algorithms can become the first or
10 among the first of the Sponsored Links displayed when a customer uses Google's search engine
11 to search for the keyword that was bid upon; Google denies the remainder of the allegations of
12 the second sentence. With respect to the third sentence, Google admits that it generally posts
13 Sponsored Links on the top and the side of search engine results pages; Google denies the
14 remainder of the allegations of the third sentence. Google denies the allegations of the fourth
15 sentence.

16     24.    Denied.

17     25.    Denied.

18     26.    Google admits that its Form 10-Q for the quarter ended June 30, 2004 stated that
19 "Advertising revenues made up no less than 96% of our total revenues in each of the three and
20 six months ended June 30, 2003 and June 30, 2004."

21     **Google's Violation of CNG's Rights**

22     27.    Denied.

23     28.    With respect to the first sentence, Google admits that it has prevented certain
24 advertisers from using "Check 'N Go" and certain variants of that phrase within the text of its
25 Sponsored Links, and that it does not prohibit its advertisers from bidding on "Check 'N Go" or
26 similar names and phrases as keywords; Google denies the remaining allegations of the first
27 sentence. With respect to the second sentence, Google lacks information and belief sufficient to
28 understand to whom CNG refers when it says "these competitors," or the identity of the "similar

369790.01      4

names and phrases" to which CNG refers, and is therefore unable to admit or deny the allegations of this sentence, and on that basis denies them. Google denies the allegations of the third sentence.

29. With respect to the first sentence, Google lacks information and belief sufficient to know what consumers who use its service specifically intend, and on that basis denies the allegations of the first sentence. Google denies the allegations of the second sentence.

30. The allegations of this paragraph present a set of hypothetical actions and responses by unnamed consumers about which Google lacks information and belief sufficient to form an opinion, and on that basis Google denies the allegations of this paragraph.

31. Denied.

32. With respect to the first sentence, Google lacks information and belief sufficient to understand what CNG refers to by "purchase of the trademarks of others," and on that basis denies the allegations of the first sentence. With respect to the second sentence, Google lacks information and belief sufficient to know what CNG refers to by "such purchases" or what the policies of "other prominent search engine companies" are, and on that basis denies the allegations of the second sentence.

33. Denied.

## FIRST CAUSE OF ACTION

### Lanham Act – Trademark Infringement

34. Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 33 above.

35. Denied.

36. This paragraph discusses the understandings of a hypothetical set of undefined consumers about whom Google lacks information and belief sufficient to form an opinion, and on that basis Google denies the allegations of this paragraph.

37. This paragraph discusses the understandings of a hypothetical set of undefined consumers about whom Google lacks information and belief sufficient to form an opinion, and on that basis Google denies the allegations of this paragraph.

1   38.   Denied.

2   39.   Denied.

3   40.   Denied.

4   41.   Denied.

## SECOND CLAIM FOR RELIEF

### Lanham Act – Contributory Trademark Infringement

42.   Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 41 above.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

## THIRD CLAIM FOR RELIEF

### Lanham Act – Vicarious Trademark Infringement

50.   Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 49 above.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

## FOURTH CAUSE OF ACTION

### Lanham Act – False Representation

56.   Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 55 above.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## FIFTH CAUSE OF ACTION

### Lanham Act – Dilution

62. Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 61 above.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

## SIXTH CAUSE OF ACTION

### Ohio Trademark Infringement

68. Google hereby incorporates by reference and realleges each and every response it has made to Paragraphs 1 through 67 above.

69. This paragraph states no more than legal conclusions to which no response is required.

70. This paragraph states no more than legal conclusions to which no response is required.

71. Denied.

72. Denied.

73. Denied.

## SEVENTH CAUSE OF ACTION

### Common Law Trademark Infringement

74. Google hereby incorporates by reference and realleges each and every response it

1  has made to Paragraphs 1 through 73 above.

2  75. Denied.

3  76. Denied.

4  77. Denied.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

7  78. Google hereby incorporates by reference and realleges each and every response it
8  has made to Paragraphs 1 through 77 above.

9  79. Denied.

10  80. Denied.

11  81. Denied.

## NINTH CAUSE OF ACTION

### Misappropriation

14  82. Google hereby incorporates by reference and realleges each and every response it
15  has made to Paragraphs 1 through 81 above.

16  83. Google lacks information and belief sufficient to admit or deny the allegations of
17  this paragraph, and on that basis denies them.

18  84. Denied.

19  85. Admitted.

20  86. Denied.

21  87. Denied.

22  88. Denied.

23  89. Denied.

24  90. Denied.

## PRAYER FOR RELIEF

26  91. This section contains no more than a prayer for relief and therefore requires no
27  response; Google's own prayer for relief is set forth below.

28

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

1. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE – NO DAMAGES

2. CNG has not been damaged in any amount, manner or at all by reason of any act alleged against Google in the Complaint, and, therefore, the relief prayed for in the Complaint cannot be granted.

### THIRD AFFIRMATIVE DEFENSE – PREEMPTION

3. CNG's state law claims are barred, in whole or in part, on the ground that they conflict with, and are preempted by, federal law.

### FOURTH AFFIRMATIVE DEFENSE – LIMITED REMEDIES

4. Even if infringement occurred – a premise that Google expressly denies – CNG's remedies are limited by the Lanham Act, 15 U.S.C. § 1114(2).

## COUNTERCLAIM

For its counterclaims, Defendant/Counterclaim-Plaintiff Google, by and through its undersigned counsel, alleges as follows:

### THE PARTIES

1. Google is a corporation organized under the laws of the State of Delaware, with its principal place of business in Mountain View, California. Google provides Internet search engine services to Internet users and advertising services to individuals, businesses, and educational and governmental entities involved in Internet sales and marketing.

2. On information and belief, Plaintiff/Counterclaim-Defendant CNG is a corporation organized under the laws of Ohio, with its principal place of business within this district.

### VENUE AND JURISDICTION

3. Subject matter jurisdiction is proper in this Court because this litigation arises under federal law, namely 17 U.S.C. § 1051 et seq. (the Lanham Act). This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)

369790.01

1  (trademarks), and 28 U.S.C. § 2201 (declaratory judgments).

2      4.    This Court has personal jurisdiction over CNG because, *inter alia*, it is an Ohio
3  corporation with its principal place of business in Ohio, and it has filed suit in this Court against
4  Google.

5      5.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1391(c).

6      6.    An actual case or controversy exists between the parties.  CNG has sued Google
7  in this Court, asserting that Google's sale of keyword-triggered advertising services constitutes,
8  *inter alia*, trademark infringement under the Lanham Act.

## GENERAL ALLEGATIONS

10      7.    Google's free Internet search engine is the most widely used Internet search
11  engine in the world.  It answers hundreds of millions of user queries and covers billions of web
12  pages each day.

13      8.    Google also sells a number of products and services to individuals, businesses,
14  and educational and governmental entities.  One of the programs Google offers is a keyword-
15  triggered advertising program entitled "AdWords."  Google has offered this program since
16  October 2000.

17      9.    Google's AdWords program permits Google's advertising customers to bid on the
18  opportunity to display advertising links ("Sponsored Links") that will be associated with certain
19  keywords.  Google posts the Sponsored Links on the margins of its search engine results pages
20  based on whichever keywords appear in user queries posted to Google's Internet search engine.
21  Google's advertising customers pay Google based on the number of Internet users who click on
22  these Sponsored Links.

23      10.    Google's advertisers, not Google, select the keywords that will trigger their
24  advertisements.  Thus, for example, a computer hardware retailer might select keywords such as
25  "computer," "hard drive," "memory," and the like.  Then, when a user submits a search string
26  containing any of those keywords, that retailer's paid advertisement would have a chance to
27  appear alongside the search results.

28      11.    On January 24, 2006, CNG filed the present action against Google.  CNG's

1   complaint alleges that Google has infringed and is infringing CNG's trademark rights by
2   permitting its advertising customers to bid on the possibility of having their website listed on a
3   search results page as a Sponsored Link in response to a search for certain keywords.
4       12.     Displaying a Sponsored Link leading to the website of another company triggered
5   as the result of a search using a given word or phrase that is either identical to or similar to its
6   asserted trademark is one way in which CNG argues that Google has violated its rights.  *See*
7   Complaint ¶ 28.  Google refers to this as using a given word or phrase as a "keyword."
8       13.     Google's trademark policy distinguishes between two potential uses of words and
9   phrases – use as a keyword to trigger the appearance of a Sponsored Link, and use in the text of
10  the ad itself.  Its trademark policy allows its customers to select words or phrases that are
11  identical to, or similar to, words or phrases that Google has been given notice are trademarked as
12  keywords to trigger the appearance of Sponsored Links.
13      14.     On the other hand, Google's trademark policy prohibits its advertising customers,
14  who are not authorized to do so by the trademark owner, from including words or phrases that
15  are identical to, or similar to, words or phrases that Google has been given notice are
16  trademarked in the text of a Sponsored Link.
17      15.     The reason for the difference in Google's policy with respect to these two
18  situations is simple.  Returning Sponsored Links in response to the submission of a search query
19  containing a keyword does not infringe any rights secured by the Lanham Act.  Simply returning
20  these Sponsored Links in response to a search query that includes words identical or similar to a
21  trademark does not constitute a representation of the origin or source of the links.  The
22  possibility of any consumer confusion is further negated as a trademark owner has the ability to
23  prevent unauthorized advertisers on Google from using the trademarked word or phrase, or
24  words or phrases similar thereto, in the text of a Sponsored Link.
25      16.     Indeed, CNG itself does not contend that any consumer confusion results from the
26  events that it avers in its Complaint hypothetically may take place.  CNG alleges that a consumer
27  "may not realize that they have unwittingly 'clicked' on a competitor's website," Complaint
28  ¶ 30, but does not claim that a consumer having so clicked would not realize the website's nature

1  and origin as soon as they reached the competitor's website.  Indeed, CNG even admits that a
2  consumer could be perfectly satisfied with patronizing an alternative website that the consumer
3  fully realizes is not the same as CNG's website, and therefore "not ever return to CNG's
4  website." *Id.*
5         17.    According to CNG's own complaint, then, when Google permits its advertising
6  customers to select keywords that are identical or similar to trademarked words or phrases,
7  Google is doing no more than facilitating access to relevant information that consumers can use
8  as they wish.  No consumers are deceived or confused as to the origin of goods or services by
9  Google's advertisers seeking to present information, or an invitation to receive information,
10 about competing goods and services to a consumer looking for information about goods and
11 services of a certain sort.
12        18.    Indeed, Google's trademark policy goes well beyond what is required by law.
13 Firms are generally free to use the trademarks of others as part of comparative advertising.
14 However, some uses of trademarked words or phrases in the text of an ad could lead to consumer
15 confusion as to the origin of the goods or services advertised.  In order to avoid the need to
16 evaluate the possibility or likelihood of consumer confusion with each new Sponsored Link,
17 Google disallows the use of trademarks of which it has been given notice in the text of
18 Sponsored Links.  Google's trademark policy thereby goes beyond what is required by trademark
19 law.

## CLAIM FOR RELIEF – Declaratory Judgment

21        19.    Google hereby incorporates by reference and realleges each and every allegation
22 it has made in Paragraphs 1 through 18 above.
23        20.    CNG has asserted that Google's policy of allowing various of its customers to
24 select words or phrases identical to or similar to its trademark as keywords constitutes trademark
25 infringement, and has brought suit against Google on that basis.
26        21.    An actual, present and justiciable controversy has arisen between Google and
27 CNG concerning Google's right to sell keyword-triggered advertising to its customers.
28        22.    Google seeks a declaratory judgment from this Court that its current policy

369790.01

1  regarding the sale of keyword-triggered advertising, which permits its advertising customers to
2  select keywords that are identical to or similar to words or phrases that Google has been given
3  notice are trademarked, while at the same time not permitting them to use such words or phrases
4  in the text of a Sponsored Link, does not constitute trademark infringement.

## PRAYER FOR RELIEF

23. For the foregoing reasons, Google prays that the Court: Enter judgment according it the declaratory relief sought;

24. Dismiss CNG's Complaint with prejudice, and order that it take nothing;

25. Award Google its costs in this action;

26. Grant such other and further relief to which Google may be entitled and which is just and proper.

| *Of Counsel:* | /s/ Kenneth F. Seibel |
|---|---|
|  | Kenneth F. Seibel (0025168) |
| Michael H. Page (*pro hac vice*) | Attorney for Defendant and Counterclaimant |
| Klaus H. Hamm (*pro hac vice*) | Google, Inc. |
| Attorneys for Defendant and | Jacobs, Kleinman, Seibel & McNally |
| Counterclaimant Google, Inc. | 2300 Kroger Building |
| Keker & Van Nest LLP | 1014 Vine Street |
| 710 Sansome Street | Cincinnati, Ohio  45202 |
| San Francisco, CA 94107 | (513) 381-6600 |
| (415) 391-5400 | kseibel@jksmlaw.com |
| khamm@kvn.com |  |
| mpage@kvn.com |  |

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Barry D. Hunter, Medrith Lee Norman, and Ann Gallagher Robinson, Attorneys for Plaintiff/Counterclaim-Defendant.

/s/ Kenneth F. Seibel
Kenneth F. Seibel (0025168)