UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CNG FINANCIAL CORPORATION, | Case No. 1:06cv040 |
|     Plaintiff/Counterclaim-Defendant, | |
| v. | Chief Judge Sandra S. Beckwith<br>Magistrate Timothy S. Black |
| GOOGLE INC., | **REPLY MEMORANDUM IN SUPPORT** |
|     Defendant/Counterclaim-Plaintiff. | **OF GOOGLE'S MOTION TO COMPEL**<br>**THE PRODUCTION OF DOCUMENTS** |

## PRELIMINARY STATEMENT

CNG's opposition to Google's motion to compel the production of documents is far more notable for what it does not say than for what it does. CNG does not set forth any facts demonstrating that there would be any appreciable burden in producing the documents that Google has requested, which are surely maintained by one executive or a small number of personnel at CNG. CNG does not argue that the documents that Google has requested are privileged or otherwise immune from discovery. CNG does not argue that the existing protective order in this case (under which Google has produced many of its sensitive documents) is insufficient to protect the confidentiality of the information contained in the documents. CNG does not bother to dispute (or even to address) Google's detailed summation of the shortcomings in the financial documents that CNG has previously produced purporting to show financial results for its online business. In short, CNG's sole argument against the production of these documents is that the documents -- which neither Google nor this Court have ever seen -- are not relevant to this case. None of the cases that CNG cites are remotely on point, however, as they

1

Dockets.Justia.com

dealt not with recalcitrant litigants that preferred not to produce relevant documents, but rather situations in which damages may well have been incapable of ascertainment even with production of the relevant materials.  CNG's efforts to prevent Google from obtaining full and fair discovery of the hard numbers underlying the purported financials that it has thus far produced to Google should be rejected and CNG should be ordered to produce its financial documents.

## ARGUMENT

**A.    Google's Motion, Brought Well Before the Close of Discovery, Is Timely and Appropriate In Light of the Ruling on Google's Motion for Judgment On the Pleadings**

CNG suggests that Google somehow assented to its unilateral declaration that its financials are not relevant by not insisting on their production until after Chief Judge Beckwith ruled on Google's motion for judgment on the pleadings.  That is not so.  For many months, a motion that could have resolved all issues in this case, or greatly narrowed the remaining issues, was pending before Chief Judge Beckwith.  Until that motion was resolved, Google did not know what shape the case (and therefore discovery) would take.  Google therefore did not pursue CNG's inappropriate objections to the production of basic financial materials further until it was clear that the ruling on the motion did not narrow the scope of discovery needed in the case. CNG cites no authority, for there is none, foreclosing Google's ability to file a motion well prior to the discovery cut-off seeking these documents after meeting and conferring in order to see if the dispute could be resolved without the need for motions practice.

Counsel for Google appreciates the courtesy of counsel for CNG in promptly confirming that CNG was not willing to withdraw its objections to producing its actual financial documents. Although CNG suggests that a narrowed scope of production would be appropriate, Google is simply seeking the basic building blocks of CNG's financials.  Moreover, Google has no way of

knowing, having been denied access to CNG's basic financials, what other sorts of documents could serve to provide it with the information required to mount a responsible defense. Google had offered to forego discovery of this information if CNG were willing to stipulate that it did not in fact suffer any economic harm from the actions in which it alleges Google has engaged. *See* Paige Decl. Ex. L. CNG was not willing to enter into that stipulation, *see* Paige Decl. Ex. N, presumably because it *does* in fact intend to argue that it has suffered such harm at trial. Therefore the question whether CNG has suffered actual economic harm remains a live issue in this case, and presumably an issue upon which CNG will seek to present evidence, or argument, or both to the trier of fact in this case. Google is therefore entitled to discovery of the non-privileged materials it seeks in order to rebut that contention.

### B.    CNG Cites No Case Holding That Its Actual Financials Are Irrelevant to the Remedies It Continues To Seek

CNG cites a number of cases discussing the difficulty of determining damages in some trademark infringement actions. Yet none of those cases suggest that the litigants were permitted deliberately to withhold financial information on the theory that the difficulty in arriving at a firm number made materials that would support an attempt to come up with such a number irrelevant.

### 1.    CNG Has Not Demonstrated That Its Financials Are Irrelevant To Its Request for an Injunction

CNG claims that whether it has suffered any economic harm *at all* is not relevant to its request for an injunction, and cites a number of cases purportedly so holding. There are two problems with each of these cases.

*First*, they are not cases dealing with permanent injunctions -- the sort of relief that CNG is seeking here. Each instead deals with a request for a preliminary injunction. *See Abercrombie & Fitch v. Fashion Shops of Kentucky, Inc.*, 363 F. Supp. 2d 952, 958 (S.D. Ohio 2005);

387949.01

*Omniamerica Group v. Street Gold Records, Ltd.*, 916 F. Supp. 672, 677 (N.D. Ohio 1996);

*Central Benefits Mut. Ins. Co. v. Blue Cross and Blue Shield Ass'n*, 711 F. Supp. 1423, 1432

(S.D. Ohio 1989).  Plainly, the matters that a court takes into account before granting a

provisional remedy such as a preliminary injunction at the outset of a case may differ than what a

court will consider before granting (and when determining how to shape) final relief after a full

trial on the merits.

     *Second*, all of CNG's cases predate both the Supreme Court's recent decision in *eBay Inc.*

*v. MercExchange, LLC*, 126 S. Ct. 1837 (2006), and the Sixth Circuit's opinion declaring that the

*eBay* decision applies to trademark injunctions, *Audi AG v. D'Amato*, 469 F.3d 534 (6th Cir.

2006).  Accordingly, they do not reflect the current state of the law, which affirms that

injunctions, even in intellectual property cases, still require a weighing of the equities of the case

and not merely a presumption that harm has occurred.

     The remaining cases that CNG cites to support the proposition that it need not show

actual economic harm to receive an injunction likewise do not support the notion that because

proof of the amount of damages may be difficult, discovery may be denied into fundamental

financial documents.  *See Vining Indus., Inc. v. M.B. Walton, Inc.*, No. C-3-96-314, 1997 U.S.

Dist. LEXIS 23763, at *30 (S.D. Ohio Mar. 20, 1997) (recognizing that it "would be a difficult

task" for the plaintiff to prove damages when granting a preliminary injunction, but not

addressing discovery issues).  Indeed, a case upon which CNG seeks to rely, *International*

*Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079 (7th Cir. 1988), expressly noted

that the preliminary injunction under review had been "decided under the time pressures

characteristic of preliminary injunction hearings and without the benefit of extensive discovery."

*Id.* at 1086.  There is no reason to confine the scope of discovery here such that the evidence

Google is permitted to discover prior to a full trial on the merits, and a request for a permanent injunction, be limited to only the sort of information that would be available in the context of an early preliminary injunction hearing.

> **2.    CNG Has Not Shown That the Equitable Remedy of Disgorgement of Profits Does Not Permit A Weighing of Equities**

The cases that CNG cites in its attempt to distinguish *Sugai Prods., Inc. v. Kona Kai Farms, Inc.*, No. 97-00043 SPK, 1997 U.S. Dist. LEXIS 21503 (D. Haw. Nov. 19, 1997), are not at all instructive.  Each of CNG's cases involve use of a trademark by a direct competitor selling the same product as the plaintiff.  *See Frisch's Restaurants, Inc. v. Elby's Big Boy*, 849 F.2d 1012, 1013 (6th Cir. 1988) (competing restaurant chains); *Frisch's Restaurant, Inc. v. Elby's Big Boy*, 661 F. Supp. 971, 977 (S.D. Ohio 1987) (same); *Wynn Oil Co. v. American Way Service Corp.*, 943 F.2d 595, 599 (6th Cir. 1991) (competing warranty and insurance services); *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 686 (6th Cir. 2000) (competing "products that balance industrial grinders and other machines that have a spinning shaft").  Those cases are therefore far different from the situation presented here.  One could presume that when a direct competitor uses the mark of another to sell competing products that some form of economic harm would follow ineluctably.  Here, however, Google has not even used CNG's purported trademark in a trademark identifying manner, much less to sell competing goods, so no such presumption is appropriate.  Moreover, CNG's decision to cite *Balance Dynamics* is mystifying, as that case supports Google's position here, holding that "unless there is some proof that plaintiff lost sales or profits, or that defendant gained them, the principles of equity do not warrant an award of defendant's profits."  204 F.3d at 695.  Accordingly, it is clear that (as in *Sugai Products*), information about the effect (if any) on CNG's sales or profits would provide relevant information to be used by the Court in determining a remedy, should CNG prevail on

liability.

### 3.    CNG Does Not Contest That Actual Damages Are Relevant To the Award of Punitive Damages It Seeks

In its opening brief, Google demonstrated that both Supreme Court precedent and Ohio statutory law require CNG to prove that it has suffered actual damages in order to be entitled to an award of punitive damages.  In response, CNG has addressed neither the cases nor the statutory authority that Google cited.  Instead, it blandly claims that "if [it] is correct that it can recover punitive damages without proving the quantum of damages it has suffered from Google's wrongful conduct in this case, then CNG's financials are irrelevant."  Opp. at 10.  Yet CNG fails to give even a hint of the authority upon which it intends to rely for the proposition that it can -- contrary to the law cited by Google in its opening brief -- recover punitive damages without making a showing that it has suffered actual economic harm.  Thus, the Court should order the requested financial documents produced; or, in the alternative, the Court should enter an order precluding CNG from seeking to prove punitive damages without first demonstrating (and giving Google a full and fair chance to rebut the claim) that it has suffered actual economic harm from Google's alleged actions.

### CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court enter an order requiring CNG to produce to Google immediately its actual financial documents, which will aid Google in assessing what economic harm, if any, CNG has suffered as a result of Google's alleged actions.

Dated:  January 19, 2006

*Of Counsel:*

Michael H. Page (*pro hac vice*)
Klaus H. Hamm (*pro hac vice*)
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94107
(415) 391-5400

/s/ Kenneth F. Seibel
Kenneth F. Seibel (0025168)
Jacobs, Kleinman, Seibel and McNally
1014 Vine Street, Suite 2300
Cincinnati, OH 45202
(513) 381-6600

Attorneys for Defendant and Counterclaim-Plaintiff Google Inc.


## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Barry D. Hunter, Medrith Lee Norman, and Ann Gallagher Robinson, Attorneys for Plaintiff/Counterclaim-Defendant.


/s/ Kenneth F. Seibel
Kenneth F. Seibel (0025168)

387949.01