UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CNG FINANCIAL CORPORATION,<br><br>　　　Plaintiff/Counterclaim-Defendant,<br><br>　v.<br><br>GOOGLE INC.,<br><br>　　　Defendant/Counterclaim-Plaintiff. | Case No. 1:06cv040<br><br>Chief Judge Sandra S. Beckwith<br>Magistrate Timothy S. Black<br><br>**GOOGLE'S MOTION TO STRIKE EVIDENCE SUBMITTED BY CNG IN OPPOSITION TO GOOGLE'S MOTION FOR SUMMARY JUDGMENT** |

## I.　NOTICE OF MOTION

Defendant and Counterclaim-Plaintiff Google Inc. hereby moves to strike evidence submitted by CNG in opposition to Google's motion for summary judgment. Google brings this motion pursuant to the Federal Rules of Evidence and Local Rules 7.1 and 7.2. This motion is based upon the Memorandum of Points and Authorities set forth below, the Declaration of Klaus H. Hamm ("Hamm Decl.") filed in support of Google's motion for summary judgment, all pleadings, papers and files in this action, and any other factors that this Court may wish to consider.

## II.　INTRODUCTION

CNG's opposition to Google's motion for summary judgment relies almost entirely on inadmissible "evidence." Rather than submit actual evidence, CNG's arguments rest upon (1) a declaration of its own counsel, masquerading as an "expert," but consisting entirely of his unsupported statements about what unnamed competitors do, combined with his equally unsupported contention that those activities violate unspecified laws; (2) a declaration of a CNG employee proffering unsupported opinions as to what CNG's customers and potential customers do, think, and expect; (3) a declaration of a paralegal purporting to describe to the Court the contents of a document that CNG presumably has but has declined to place in evidence, and (4) a

series of badly distorted and inaccurate pictures that falsely purport to depict the appearance of Google's and others' websites. Google therefore objects to and moves to strike the following:

- the Declaration of Stephen Schaller, Esq.;
- paragraphs 4 and 5 of the Declaration of Jerry R. Williams and the exhibits thereto;
- the Declaration of Angela P. Horger; and
- Exhibits E-G to the Declaration of Barry D. Hunter.

In addition, as outlined in Google's briefing in support of its motion for summary judgment, we object to the Expert Report of Michael B. Mazis, PhD.

### III. The Declaration of Stephen Schaller, Esq., is inadmissible because it is this Court's role, and not any witness', to make legal determinations.

The "expert" Declaration of Stephen Schaller, Esq., is inadmissible and should be stricken in its entirety. Mr. Schaller, although labeled an expert by CNG, is one of CNG's own lawyers. His declaration is nothing more than another brief—albeit one devoid of citations to either evidence or law. In his declaration, Mr. Schaller provides nothing but his own "testimony" of legal conclusions he would like this Court to reach, which are not appropriate for expert or lay testimony.[1] Here, Mr. Schaller's testimony consists of an explanation of unnamed and uncited "usury laws and other consumer protection laws" and his "opinion" that certain unnamed companies are violating them. It is this Court's role, and not the role of any witness, to interpret the law. Moreover, Mr. Schaller's testimony is so vague—it does not specify a single company, law, or jurisdiction, much less identify why such companies are relevant to this case—that it is of absolutely no value. As a result, this Court should exclude Mr. Schaller's testimony about his opinion that certain companies are violating the law.

### IV. The Declaration of Jerry Williams violates multiple rules of evidence and is inadmissible.

Most of the statements from the Declaration of Jerry Williams are inadmissible because

---

[1] *Brainard v. American Skandia Life Assur. Corp.*, 432 F.3d 655, 660 (6th Cir. 2005) (striking declaration to the extent it "contains any legal argument or unsupported factual assertions"); *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994) ("It is the responsibility of the court, not testifying witnesses, to define legal terms."); *Bridgeport Music, Inc. v. Smelzgood Entertainment, Inc.*, 2006 WL 2432126, at *1 (M.D.Tenn. 2006) (sustaining objection to

they either lack foundation, are hearsay, are improper lay opinion, fail to comply with the requirements of the Best Evidence Rule, or all the above. Google details its objections below:

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶4: The appearance of sponsored links to Check 'N Go's competitors has thwarted CNG's ability to expand its internet lending activities. CNG suffers lost business and harm to its reputation as a result of the association of Check N Go with the numerous fly-by-night, illegal operators behind the sponsored links that appear when our prospective customers search for Check N Go on the Google search engine. | Mr. Williams' testimony is inadmissible pursuant to Federal Rule of Evidence 602 because it lacks foundation. Mr. Williams does not testify about how he knows why customers supposedly have chosen to do business with CNG's competitors instead of with CNG. To the extent he bases his conclusion on statements made by customers, it is hearsay and inadmissible pursuant to Rule 802. Moreover, CNG has not designated Mr. Williams as an expert and he is not qualified to testify about the causes of CNG's reputational harm, making this testimony inadmissible pursuant to Rule 701. Finally, Mr. Williams improperly testifies about the legality of unnamed operators, when making legal determinations is solely within the province of this Court.[2] |
| ¶5: Some of our prospective purchasers that click on the sponsored links in the belief that the [sic] are reaching a Check N Go webpage might realize, upon reaching the webpage, that they are on a competitor's website–but once diverted will just stay there. Others that do so are likely to remain confused, even after reaching the competitor's website, that they are getting access to a Check N Go sponsored loan on that website. | Mr. Williams' testimony is inadmissible pursuant to Federal Rule of Evidence 602 because it lacks foundation. Mr. Williams does not testify about how he knows why "prospective customers" arriving at a competitor's website may or may not realize they are on that competitor's website. To the extent he bases his conclusions on statements made by customers, it is hearsay and inadmissible pursuant to Rule 802. To the extent it is based on Mr. Williams' own analysis, it is improper lay opinion testimony making this testimony inadmissible pursuant to Rule 701. Moreover, CNG is precluded from providing evidence that consumers are confused. Confusion evidence (and the lack thereof) is central to this litigation and, during discovery, Google requested CNG to disclose its evidence of actual confusion. CNG |

---

declaration that "sounds in more legal argument than expert opinion").

[2] *Cole v. Arvinmeritor, Inc.*, 2006 WL 2620305, at *13 (E.D. Mich. 2006) (affirming exclusion of declaration that is "largely argument, opinion, legal conclusion, and factual conclusion without adequate foundation").

| Objectionable Evidence | Grounds for Objection |
|---|---|
| | responded that "CNG has no such evidence to date."[3] As a result, now that discovery has closed, CNG may not come forward with such evidence.[4] |
| ¶5(a): There is low brand recognition among payday lenders other than Check N Go and the other top ten companies (who do not advertise on the other's [sic] trademarks); thus the appearance of the competitors' name on a website linking to a sponsored link appearing on a Check N Go search page will not so readily call out to consumers that they are dealing with a different company–like it would for a customer searching for Ford and landing on Toyota. | Mr. Williams' testimony is inadmissible pursuant to Federal Rule of Evidence 602 because it lacks foundation. Mr. Williams does not testify about why there is supposedly low brand recognition for some payday lenders, nor does he specify the payday lenders to whom he is referring. To the extent he bases this conclusion on statements made by consumers, it is hearsay and inadmissible pursuant to Rule 802. To the extent he bases this conclusion on his own analysis, it is improper lay testimony and inadmissible pursuant to Rule 701. |
| ¶5(b): Most of the sponsored link operators avoid using their brand name on their links and on their websites and instead use generic names, or a number of different names, precisely so that they can avoid calling out the difference between their services and those of Check N Go and thus confuse consumers into believing they are at a Check N Go affiliated website. In some cases, the sponsored link operators have structured their websites to display, as their title, whatever search terms has been used to reach their sites. Examples of such are sponsored links to two such websites and are attached as Exhibit 1. The websites were triggered by clicking on the top two "Check in Go" sponsored links. operator offers or is authorized to offer Check N Go loans. In many other cases, the same operator utilizes numerous different d/b/a's, such that customers never recognize them by any particular name. The sponsored links and landing sites of one such operator are attached as Exhibit 2. | The Best Evidence Rule (Rule 1002) prohibits the use of declaration testimony to substitute as proof of the content of a writing and, as a result, CNG may not offer Mr. Williams' declaration to prove the content of links that appear on Google or the websites to which those links connect. Furthermore, Mr. Williams' speculation about why the links use the names that they use is argument and lacks foundation.[5] The same problems render inadmissible Mr. Williams' statement about operators using "multiple d/b/a's." Finally, this paragraph's sentence "operator offers or is authorized to offer Check N Go loans" is incoherent and should be stricken. |

---

[3] See Declaration of Klaus H. Hamm In Support of Google's Motion For Summary Judgment ("Hamm Declaration") Exhibit M (CNG's Interrogatory Responses) at 4.

[4] See Toth v. Grand Trunk R.R., 306 F.3d 335, 344 (6th Cir. 2002) (evidentiary preclusion sanction may be imposed if a party attempts to introduce evidence not disclosed during discovery).

[5] Cole, 2006 WL 2620305, at *13 (affirming exclusion of declaration that is "largely argument,

394680.01

4

| Objectionable Evidence | Grounds for Objection |
|---|---|
| ¶5(c): There are many lead generators/ aggregators in the payday lending business, that is, companies that purport to be brokering or otherwise providing access to loans offered by other companies; thus, people familiar with the payday loan industry might reasonably believe, even when they reach a website of a different company, that they are getting access to a Check N Go sponsored loan. For this and for other reasons, prospective customers might click on more than one link for information on Check N Go loans. | To the extent Mr. Williams' conclusion that people might believe that they are accessing a "Check N Go sponsored loan" is based on statements made by customers, it is hearsay and inadmissible pursuant to Rule 802. To the extent it is based on Mr. Williams' own analysis, it is improper lay opinion testimony and inadmissible pursuant to Rule 701. Moreover, Mr. Williams' conclusions about what customers might think because there are many aggregators in the payday lending business is argument, which should not be included in a declaration.[6] |
| ¶5(d): There are a high degree of impulse buyers in the payday lending industry–who will be more likely to stick on a website once they are diverted there; in addition, the relatively low amount short term nature of the transaction causes people to exhibit less care than when they engage in other larger transactions over the internet. | Mr. Williams' conclusions about what customers might do upon arriving at a website is hearsay, improper lay testimony and argument, and thus should be excluded.[7] |
| Exhibits 1 and 2 to the Williams Declaration | Exhibits 1 and 2 are inadmissible pursuant to Rules 901 and 1003 because they are not accurate printouts from websites. While printouts of websites are admissible if authenticated, they are "inadmissible if the source of information or the method or circumstances of preparation indicate a lack of trustworthiness."[8] These pages do not come close to accurately depicting Google search result pages or the other websites that Mr. Williams claims they depict. Among other misrepresentations, the printouts make it appear that Google does not make much effort to distinguish between natural search results and Sponsored Links. The printouts eliminate the shaded box and grey line that separate Sponsored Links from other search results. Indeed, Exhibit 1 obscures Google's "Sponsored Links" designation, by placing other text directly over it. The printouts also misrepresent Google search results pages by not printing the website address in the Sponsored Link in green font (or not at all in |

---

opinion, legal conclusion, and factual conclusion without adequate foundation").
[6] *Id.*
[7] *Id.*

| Objectionable Evidence | Grounds for Objection |
|---|---|
| | the case of Exhibit 1), making the source of the ad less readily apparent than it is to an actual Google user. As for the representations of third party websites, the printouts are so garbled that they are illegible–pieces of text are randomly pasted over other pieces of text. The inaccuracies raise serious questions about the printouts' authenticity and render them untrustworthy and inadmissible. |

### V.  The Declaration of Angela P. Horger is inadmissible under the Best Evidence Rule.

The declaration of Ms. Horger, which is proffered to prove the contents of Google search results pages, is inadmissible pursuant to the Best Evidence Rule.[9] The Best Evidence Rule states that to "prove the content of a writing . . . the original writing . . . is required[.]" Printouts of web pages are generally admissible if authenticated,[10] and nothing prevented CNG from submitting printouts of the 100 search results pages containing the 1,000 listings (each Google search results page contains 10 listings) at issue to prove their content. But the Best Evidence Rule prohibits the use of declaration testimony as a substitute for proving the content of a writing.[11] Because CNG seeks to prove the content of a writing with testimony rather than with the writing itself, the Court should exclude the declaration of Ms. Horger.

### VI.  Exhibits E through G to the Declaration of Barry D. Hunter are inadmissible because they are not accurate printouts of Google's website.

Exhibits E through G to the Declaration of Barry D. Hunter are inadmissible pursuant to Federal Rules of Evidence 901 and 1003 because they are not accurate printouts of Google's website. While printouts of websites are admissible if authenticated, they are "inadmissible if the source of information or the method or circumstances of preparation indicate a lack of

---

[8] U.S. v. *Jackson*, 208 F.3d at 633, 638 (7th Cir. 2000) (quoting *Croft*, 750 F.2d at 1367 (7th Cir. 1984)).

[9] *See* Fed. R. Evid. 1002.

[10] *See United States v. Standring*, 2006 WL 689116, *3 (S.D. Ohio March 15, 2006) (printouts of websites accompanied by declaration establishing their authenticity are admissible).

[11] *Kallstrom v. City of Columbus*, 165 F. Supp. 2d 686, 702 (S.D.Ohio 2001) (on summary judgment, applying Best Evidence Rule to bar use of deposition testimony to prove the contents of a personnel file).

trustworthiness."[12]

       Mr. Hunter states that Exhibits E through G are "results pages" printed on various dates. Although Mr. Hunter does not provide information about the website from which he obtained these results pages, it is apparent from the context of this litigation that the exhibits purportedly represent results pages from Google's website. However, these pages do not come close to accurately depicting Google search result pages, and therefore they are not trustworthy. Among other misrepresentations, the printouts create the false impression that Google does little to distinguish between natural search results and Sponsored Links. The printouts eliminate the shaded box and grey line that separate Sponsored Links from other search results. Indeed, Exhibit F obscures Google's "Sponsored Links" designation by placing other text directly over it. The printouts also misrepresent Google search results pages by not printing the website address in the Sponsored Links in green font (or not at all in the case of Exhibit F), making the source of the ad less readily apparent than it is to actual Google users. The printouts also eliminate the space between organic results from the Sponsored Links, pushing the latter closely alongside the former to fit them into a "portrait" layout. Finally, many of the pages in Exhibit G (for example, CNG 000768) do not replicate Google's website at all; instead they appear to be printed from an entirely different website.

       CNG certainly could have produced authentic and trustworthy printouts of Google webpages. Google did precisely that before CNG filed its opposition—those pages are Exhibits A through D to the Hamm Declaration. But CNG chose not to present evidence accurately reflecting Google's website, instead choosing to submit documents whose "circumstances of preparation indicate a lack of trustworthiness."[13] Given that the inaccuracies contained in CNG's proffered evidence are directly relevant to the issues raised in Google's motion, Exhibits E through G lack authenticity and trustworthiness and are thus inadmissible.

///

///

---

[12] *Jackson*, 208 F.3d at 638 (quoting *Croft*, 750 F.2d at 1367 (7th Cir. 1984)).
[13] *Id.*

Dated: May 4, 2007.

Of Counsel:

Michael H. Page (pro hac vice)
Klaus H. Hamm (pro hac vice)
Keker & Van Nest LLP
710 Sansome Street
San Francisco, CA 94107
Telephone: (415) 391-5400

/s/ Michael H. Page
Kenneth F. Seibel (0025168)
Jacobs, Kleinman, Seibel and McNally
1014 Vine Street, Suite 2300
Cincinnati, OH 45202
Telephone: (513) 281-6600

Attorneys for Defendant and Counterclaim-Plaintiff Google Inc.