# EXHIBIT A

```
 1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
 2  OWEN J. CLEMENTS, State Bar #141805
    Chief of Special Litigation
 3  PETER J. KEITH, State Bar #206482
    CHRISTINE VAN AKEN, State Bar #241755
 4  ANN M. O'LEARY, State Bar #238408
    Deputy City Attorneys
 5  Office of the City Attorney
    1 Dr. Carlton B. Goodlett Place, Suite 234
 6  San Francisco, CA 94102
    Telephone:    (415) 554-4721
 7  Facsimile:    (415) 554-4757
    E-Mail:       christine.van.aken@sfgov.org
 8
    Attorneys for Plaintiff
 9  THE PEOPLE OF THE STATE OF CALIFORNIA
    Ex rel. San Francisco City Attorney Dennis J. Herrera
```

**FILED**
San Francisco County Superior Court
APR 26 2007
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

SUMMONS ISSUED  SEP 28 2007 - 9:00 AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA, acting by and through City Attorney Dennis J. Herrera,<br><br>Plaintiffs,<br><br>vs.<br><br>CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO; AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE; MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART; MONEY MART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE; FIRST BANK OF DELAWARE; and DOES 1-50, inclusive.<br><br>Defendants. | Case No. **CGC-07-462779**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND CIVIL PENALTIES FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE SECTION 17200** |

Plaintiff, the People of the State of California, acting by and through San Francisco City Attorney Dennis Herrera, is informed and believes and alleges as follows:

1

COMPLAINT

## INTRODUCTION

1.      Defendants CHECK 'N GO and MONEY MART, registered deferred deposit lenders in California who operate retail stores providing financial services, and their affiliates CHECK 'N GO ONLINE and CUSTOMCASH ONLINE, have formed relationships with defendant FIRST BANK OF DELAWARE, an out-of-state bank, to engage in unlawful and deceptive business practices in an attempt to avoid California laws regulating the provision of deferred deposit loans (also known as "payday loans") and short-term consumer loans (also known as "installment loans") to customers in California. CHECK 'N GO and MONEY MART, who hold themselves out as licensed providers of payday loans, also advertise and broker installment loans, purportedly made by FIRST BANK OF DELAWARE. These installment loans violate California law and California's constitutional ban on usury because of their unconscionable interest rates, which exceed 400 percent APR. FIRST BANK OF DELAWARE has formed business relationships with CHECK 'N GO, MONEY MART, CHECK 'N GO ONLINE, and CUSTOMCASH ONLINE to aid and abet these defendants' violations of California's consumer protection laws, and these relationships exist to circumvent California's restrictions on interest rates and fees.

2.      In the alternative, upon information and belief, defendants CHECK 'N GO and MONEY MART are the true lenders of the illicit installment loans they have purported to broker because they bear the risk of loss associated with these loans; FIRST BANK OF DELAWARE is the lender in name only.

3.      Additionally, defendant CHECK 'N GO violates California's consumer protection laws by demanding access to the checking accounts of California customers as collateral for its illicit installment loans, which are brokered through CHECK 'N GO and through its affiliate and co-defendant CHECK 'N GO ONLINE. MONEY MART has present plans to implement a similar unlawful arrangement through its affiliate and co-defendant CUSTOMCASH ONLINE. Both CHECK 'N GO and MONEY MART have violated the terms of their deferred deposit lenders' licenses by offering these illicit financial products, and they have violated the deferred

2

COMPLAINT

1  deposit law by their misleading advertising concerning their installment loans. CHECK 'N GO
2  and MONEY MART have violated California financial laws by operating multiple consumer
3  lending businesses within the same stores without leave of the California Department of
4  Corporations. CHECK 'N GO ONLINE violates California law by failing to possess a deferred
5  deposit originator's license.

6      4.  CHECK 'N GO, MONEY MART, CHECK 'N GO ONLINE, and
7  CUSTOMCASH ONLINE must comply with the California Constitution, the California Finance
8  Lenders Law and the California Deferred Deposit Transaction law. FIRST BANK OF
9  DELAWARE must cease aiding and abetting violations of these laws. THE PEOPLE bring this
10 suit to enjoin DEFENDANTS from future illegal conduct that is harmful to consumers and to
11 DEFENDANTS' competitors and to recover funds for consumers who were charged illegally and
12 unfairly high interest rates and fees. THE PEOPLE also seek to impose civil penalties on
13 DEFENDANTS for their illegal conduct. This action arises under the Unfair Competition Law,
14 California Business and Professions Code sections 17200 *et seq.*

## PARTIES

17     5.  Plaintiff the People of the State of California, by and through San Francisco City
18 Attorney Dennis J. Herrera ("THE PEOPLE"), prosecute this action pursuant to California
19 Business and Professions Code sections 17204 and 17206. The City and County of San
20 Francisco has a population in excess of 750,000 as determined by the Demographic Research
21 Unit of the State of California's Department of Finance.
22     6.  Defendants CHECK 'N GO OF CALIFORNIA, INC. d/b/a CHECK 'N GO; and
23 SOUTHWESTERN & PACIFIC SPECIALTY FINANCE, INC. d/b/a CHECK 'N GO
24 (collectively "CHECK 'N GO") are Ohio corporations with their principal offices located at 5155
25 Financial Way, Mason, Ohio 45040. CHECK 'N GO makes payday loans and short-term
26 installment loans to customers in San Francisco, California and is doing business in California.
27 CHECK 'N GO is licensed as a deferred deposit originator with the California Department of
28 Corporations, but is not licensed to provide short-term installment loans in California.

3

COMPLAINT

7. Defendant AVANTE TELADVANCE, INC. d/b/a CHECK 'N GO ONLINE ("CHECK 'N GO ONLINE") is an Ohio corporation with its principal offices located at 5155 Financial Way, Mason, Ohio 45040. CHECK 'N GO ONLINE makes payday loans and short-term installment loans to customers in San Francisco, California and is doing business in California. CHECK 'N GO ONLINE is not licensed to provide deferred deposit transactions or short-term installment loans in California.

8. Defendant MONETARY MANAGEMENT OF CALIFORNIA, INC. d/b/a MONEY MART ("MONEY MART") is a Pennsylvania corporation with its principal offices located at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. MONEY MART makes payday loans and short-term installment loans to customers in San Francisco, California and is doing business in California. MONEY MART is licensed as a deferred deposit originator with the California Department of Corporations, but is not licensed to provide short-term installment loans in California.

9. Defendant MONEYMART EXPRESS, INC. d/b/a CUSTOMCASH ONLINE ("CUSTOMCASH ONLINE") is a Pennsylvania corporation with its principal offices located at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312. CUSTOMCASH ONLINE has formed a business plan to offer short-term installment loans to customers in San Francisco, California and is currently advertising its short-term installment loans to San Francisco consumers. CUSTOMCASH ONLINE is doing business in California.

10. Defendant FIRST BANK OF DELAWARE is a commercial bank chartered under the laws of the State of Delaware with its principal office located at Brandywine Commons II, 1000 Rocky Run Parkway, Wilmington, Delaware 19803. FIRST BANK OF DELAWARE, through its relationships with MONEY MART, CHECK 'N GO, CHECK 'N GO ONLINE, CUSTOMCASH ONLINE and others, is doing business in San Francisco, California.

11. The transactions and practices described herein involve additional entities whose identities and involvement are unknown to THE PEOPLE. The true names and capacities, whether corporate, associate, individual, partnership or otherwise, of Defendants Does 1 through 50, inclusive, are unknown to THE PEOPLE, which therefore sue said defendants by such

4

COMPLAINT

fictitious names. THE PEOPLE will seek leave of court to amend this complaint to allege their true names and capacities when the same are ascertained.

12. THE PEOPLE are informed and believe and thereupon allege that all of the acts and omissions described in this Complaint by any defendant were duly performed by, and attributable to, all DEFENDANTS, including Doe Defendants, each acting as agent and/or under the direction and control of the others, and such acts and omissions were within the scope of such agency, direction, and/or control. Any reference in this complaint to any acts of "DEFENDANTS" shall be deemed to be the acts of each and every defendant acting individually, jointly or severally.

## JURISDICTION AND VENUE

13. The Superior Court has jurisdiction over this action. DEFENDANTS are conducting unlawful and deceptive business practices in San Francisco and the City Attorney has the right and authority to prosecute these cases on behalf of the THE PEOPLE.

14. Venue is proper in this Court because the defendants transact business in the City and County of San Francisco and some of the acts complained of occurred in this venue.

## CALIFORNIA LAW GOVERNING INSTALLMENT LOANS AND PAYDAY LOANS

15. The State of California, by Section 1 of Article XV of the California Constitution, prohibits usury and deems to be usurious interest rates on personal loans that exceed ten percent per annum. Persons who lawfully offer loans or broker the offering of loans pursuant to the California Deferred Deposit Transactions Law or the California Finance Lenders Law are exempt from the California Constitution's usury prohibition.

16. The State of California regulates originators of short-term consumer installment loans through the California Finance Lenders Law, Financial Code sections 22000 *et seq.* These provisions require finance lenders and brokers who operate in the State of California to obtain licenses to do business from the California Department of Corporations and to conduct their business of consumer lending in accordance with the provisions of the law. These provisions

5

COMPLAINT

place limits on the amount of interest that may be charged on consumer loans in California and on the kinds of business that may be conducted in the same facility where the business of consumer installment lending is conducted. California law exempts state-chartered banks whose charters are issued by other states from the limits and requirements of the California Finance Lenders Law, but it does not exempt brokers or non-bank lenders.

17. The State of California regulates originators of payday loans through the California Deferred Deposit Transaction Law, Financial Code sections 23000 *et seq*. Payday loans are loan arrangements whereby the consumer provides the lender with access to funds in the consumer's checking account, typically by giving the lender a post-dated check that the lender agrees to cash at a later specified date. The consumer in turn receives the value of the check less fees charged by the lender, and these fees take the place of interest charges. The provisions of the California Deferred Deposit Transaction Law require payday loan originators who operate in California to obtain licenses to do business from the California Department of Corporations and to conduct their business of payday lending in accordance with the provisions of the law. These provisions place limits, *inter alia*, on the duration of payday loans, the fees that may be charged on payday loans, the amount of money that may be lent on any single payday loan, and the advertisements that may be made concerning payday loans. California law exempts state-chartered banks whose charters are issued by other states from the limits and requirements of the California Deferred Deposit Transactions Law, but brokers or arrangers of payday loans offered by state-chartered banks are not exempted from most requirements of this law.

### UNLAWFUL PRACTICES BY DEFENDANTS
### CHECK 'N GO AND CHECK 'N GO ONLINE

18. Defendant CHECK 'N GO is licensed in California pursuant to the California Deferred Deposit Transaction Law. CHECK 'N GO offers, through retail presences in San Francisco and other locations in California, payday loans to consumers. CHECK 'N GO advertises itself as a payday lender to consumers. In addition, in its retail locations, CHECK 'N

1  GO advertises installment loans to consumers with a principal amount of up to $1500. These
2  installment loans are available through a CHECK 'N GO-affiliated internet site, owned and/or
3  operated by CHECK 'N GO ONLINE, to which CHECK 'N GO directs consumers who inquire
4  about installment loans based on advertisements in CHECK 'N GO's retail stores. CHECK 'N
5  GO and CHECK 'N GO ONLINE permit consumers to take out payday loans at the same time as
6  they have installment loans outstanding. The terms of CHECK 'N GO and CHECK 'N GO
7  ONLINE's installment loans violate the provisions of the California Finance Lenders Law
8  because these loans bear unconscionable, usurious interest rates: the annual percentage rates for
9  CHECK 'N GO's installment loans exceed 400 percent. Moreover, because CHECK 'N GO and
10 CHECK 'N GO ONLINE do not comply with the California Finance Lenders Law in offering
11 these installment loans, they are not exempt from the California Constitution's usury restriction,
12 and they are also in violation of this constitutional provision. Finally, in offering these loans at
13 the same place of business as it offers payday loans without leave of the California Department
14 of Corporations, CHECK 'N GO further violates the California Finance Lenders Law.
15     19.   CHECK 'N GO and CHECK 'N GO ONLINE purport to market and arrange
16 installment loans on behalf of the FIRST BANK OF DELAWARE, which purports to act as the
17 lender on the installment loans offered through the CHECK 'N GO ONLINE website and
18 advertised in CHECK 'N GO's retail stores. CHECK 'N GO and CHECK 'N GO ONLINE
19 violate the California Finance Lenders Law by acting as brokers for loans that are not in
20 compliance with the terms of that law.
21     20.   In the alternative, upon information and belief concerning industry practices,
22 CHECK 'N GO and/or CHECK 'N GO ONLINE are the true lenders of these installment loans
23 because they bear the risk of loss in the event of consumer default on these loans. In addition,
24 CHECK 'N GO and/or CHECK 'N GO ONLINE are the true lenders on these loans because they
25 supply loan applications to consumers, accept loan applications from consumers, and accept loan
26 payments from consumers. If CHECK 'N GO and CHECK 'N GO ONLINE are the true lenders
27 of these loans, they are required to comply with California law in setting their terms, and they are
28

7

COMPLAINT

1  in violation of the California Finance Lenders Law by making installment loans without a license
2  and by offering installment loans that violate the interest rate provisions of that law.
3       21.   In addition, whether they are acting as brokers or as lenders with regard to their
4  illicit installment loans, CHECK 'N GO and CHECK 'N GO ONLINE's practices violate the
5  loan-terms restrictions of the California Deferred Deposit Transaction Law. Under this law,
6  licensed payday lenders may make loans by accepting post-dated checks that they agree to cash
7  at a later date. Payday lenders are allowed to lend no more than $300 to consumers on each
8  payday loan, they may not lend more than one payday loan to any consumer at one time, and
9  each payday loan must be due and payable within 31 days. Payday lenders may charge a fee that
10 is no more than 15 percent of face value of the consumer's check. CHECK 'N GO and CHECK
11 'N GO ONLINE's installment loans are similar to payday loans in that they require consumers to
12 permit CHECK 'N GO ONLINE and/or its agents to deduct installment payments from
13 consumers' checking accounts on a regular basis to repay the installment loans. By requiring
14 consumers to supply the ability to debit their checking accounts as a form of collateral, CHECK
15 'N GO and CHECK 'N GO ONLINE's installment loans operate in the same manner as payday
16 loans, which require consumers to supply as collateral the ability to debit their checking accounts
17 through post-dated checks. CHECK 'N GO and CHECK 'N GO ONLINE's installment loans,
18 however, are longer in duration and greater in amount than the payday loans permitted by the
19 California Deferred Deposit Transaction Law, and CHECK 'N GO and CHECK 'N GO ONLINE
20 allow consumers to take out more than one loan at one time. By requiring consumers to supply
21 their checking accounts as a form of collateral on loans that bear abusive terms, CHECK 'N GO
22 and CHECK 'N GO ONLINE violate the provisions of the California Deferred Deposit
23 Transaction Law. CHECK 'N GO ONLINE further violates the provisions of the California
24 Deferred Deposit Transaction Law by failing to possess a license as required by that law.
25      22.   Furthermore, whether it is acting as a lender or as a broker with regard to its illicit
26 installment loans, CHECK 'N GO's practices violate the advertising provisions of the California
27 Deferred Deposit Transaction Law. CHECK 'N GO advertises itself to consumers as a provider
28 of payday loans, which are regulated by that law. The Deferred Deposit Transaction Law

8

COMPLAINT

prohibits CHECK 'N GO from advertising its loans in a false, misleading, or deceptive manner. Yet customers who enter CHECK 'N GO's retail stores to obtain payday loans from a licensed payday loan provider are subject to a bait-and-switch advertising tactic: CHECK 'N GO prominently displays advertisements encouraging customers to take out "more flexible" installment loans, which do not comply with California law, which allow consumers to take on levels of debt that are five times greater than with payday loans, and which require consumers to pay more interest. By pushing installment loans on unsuspecting payday loan borrowers, CHECK 'N GO attempts to circumvent the limits imposed by state law on the size, duration, and fees that California law permits lenders to offer for payday loans. Furthermore, these CHECK 'N GO advertisements do not reveal the exorbitant interest rates or other repayment terms of the installment loans, much less that these loans do not meet the requirements of California law. CHECK 'N GO's advertisements also do not disclose that CHECK 'N GO is not a licensed provider of installment loans under the California Finance Lenders Law. Nor is any of this information posted in CHECK 'N GO's stores or otherwise readily available to consumers. Finally, even if CHECK 'N GO's bait-and-switch advertising tactics—designed to induce payday borrowers to enter into grossly less favorable and illegal installment loan transactions—were not a violation of the California law governing advertising of payday loans, CHECK 'N GO's advertising of its installment loans violates the payday loan law advertising provisions for a further reason: the installment loans are themselves a form of payday loans governed by the California Deferred Deposit Transaction Law because they require consumers to provide access to their checking accounts as a mechanism for repaying their loans. Again, CHECK 'N GO's advertisements that these loans are better for consumers because they are "more flexible" is misleading because CHECK 'N GO's so-called installment loans are highly disadvantageous to consumers when compared to lawful payday loans and are illegal in various respects.

**UNLAWFUL PRACTICES BY DEFENDANT MONEY MART UNTIL MID-APRIL 2007**

23. Defendant MONEY MART is licensed in California pursuant to the California Deferred Deposit Transaction Law. MONEY MART advertises itself as a payday lender to

9
COMPLAINT

consumers, and it offers payday loans to consumers in its retail stores in San Francisco and in other locations throughout California. Until mid-April 2007, MONEY MART also offered installment loans with principal amounts of up to $1500 to consumers through its retail stores, and it advertised these installment loans in its retail stores. The terms of MONEY MART's installment loans violated the provisions of the California Finance Lenders Law because these loans bore unconscionable, usurious interest rates: the annual percentage rates for MONEY MART's installment loans exceeded 400 percent. Moreover, because MONEY MART's installment loans did not comply with the California Finance Lenders Law, these transactions were not exempt from the California Constitution's usury restriction, and they were also in violation of this constitutional provision. By offering these loans at the same place of business as it offered payday loans without leave of the California Department of Corporations, MONEY MART further violated the California Finance Lenders Law.

24. Prior to mid-April 2007, MONEY MART purported to market and arrange installment loans on behalf of the FIRST BANK OF DELAWARE, which purported to act as the lender on the installment loans offered through MONEY MART's retail stores. In doing so, MONEY MART violated the California Finance Lenders Law by acting as broker for loans that were not in compliance with the terms of that law.

25. In the alternative, upon information and belief, MONEY MART was the true lender on these loans because it possessed the preponderant economic interest in these loans and because it bore the financial risk of loss for these loans in the event of a consumer default. In addition, MONEY MART was the true lender on these loans because it supplied loan applications to consumers, accepted loan applications from consumers, and accepted loan payments from consumers. By acting as the true lender on these installment loans, MONEY MART violated the provisions of the California Finance Lenders Law and misled consumers concerning the identity of the lender.

26. Furthermore, whether it was acting as a lender or as a broker with regard to its illicit installment loans, MONEY MART's practices prior to mid-April violated the advertising provisions of the California Deferred Deposit Transaction Law. MONEY MART advertised

10
COMPLAINT

itself to consumers as a provider of payday loans, which are regulated by that law. The Deferred Deposit Transaction Law prohibited MONEY MART from advertising its loans in a false, misleading, or deceptive manner. Yet customers who entered MONEY MART's retail stores to obtain payday loans from a licensed payday loan provider were subject to a bait-and-switch advertising tactic: MONEY MART prominently displayed advertisements encouraging customers to take out $1500 installment loans because "bigger is better." But these installment loans did not comply with California law, allowed consumers to take on levels of debt that were five times greater than allowed in lawful payday loans, and required consumers to pay more interest. By pushing installment loans on unsuspecting payday loan borrowers, MONEY MART attempted to circumvent the limits imposed by state law on the size, duration, and fees that California law permits lenders to offer for payday loans. Furthermore, these MONEY MART advertisements did not reveal the exorbitant interest rates or other repayment terms of the installment loans, much less that these loans did not meet the requirements of California law. MONEY MART's advertisements also did not disclose that MONEY MART was not a licensed provider of installment loans under the California Finance Lenders Law. Nor was any of this information posted in MONEY MART's stores or otherwise readily available to consumers.

### INTENDED UNLAWFUL PRACTICES BY DEFENDANTS MONEY MART AND CUSTOMCASH ONLINE

27. In early 2007, defendant FIRST BANK OF DELAWARE represented in public announcements that it would cease offering short-term installment loans through store-front vendors effective April 17, 2007. Upon information and belief, as a result of this announcement, MONEY MART has altered its installment lending practices, but MONEY MART has no intention of ceasing these unfair and unlawful practices. Instead, beginning in mid-April 2007, MONEY MART has explicitly directed consumers at its retail locations to go to the Internet site of MONEY MART's affiliate, CUSTOMCASH ONLINE, to apply for short-term installment loans with principal amounts of up to $1500. Although CUSTOMCASH ONLINE's Internet site does not yet permit customers to apply for loans, upon information and belief MONEY MART

COMPLAINT                                    11

and CUSTOMCASH ONLINE imminently intend to use CUSTOMCASH ONLINE's Internet site to promote and offer installment loans that feature the same unconscionable interest rates, exceeding 400 percent, that MONEY MART offered in its retail stores prior to mid-April 2007. Just as the installment loans that MONEY MART offered prior to mid-April 2007 violated the California Finance Lenders Law and the California Constitution's usury restriction, so too will MONEY MART's and CUSTOMCASH ONLINE's installment loans violate these provisions.

28. MONEY MART and CUSTOMCASH ONLINE have represented that they will market and arrange installment loans on behalf of the FIRST BANK OF DELAWARE, with the latter acting as lender of the loans. In doing so, MONEY MART and CUSTOMCASH ONLINE have threatened to violate the California Finance Lenders Law by acting as brokers for loans that are not in compliance with the terms of that law. Moreover, upon information and belief, MONEY MART and CUSTOMCASH ONLINE have threatened to violate the California Deferred Deposit Transaction Law by requiring consumers to supply the ability to debit their checking accounts, a kind of transaction regulated by the Deferred Deposit Transaction Law, while at the same time failing to comply with the restrictions on duration and amount of loans imposed by that law.

## UNLAWFUL PRACTICES BY DEFENDANT FIRST BANK OF DELAWARE

29. Defendant FIRST BANK OF DELAWARE, a bank chartered in the State of Delaware, has long been in the business of offering payday loans and short-term installment loans through unaffiliated third-party marketers and brokers. FIRST BANK OF DELAWARE has repeatedly represented in public filings that it will leave the business of offering these payday and installment loans to consumers through the intermediary of third-party retail vendors, but despite its repeated representations to that effect it has not yet done so.

30. Notwithstanding its representations, FIRST BANK OF DELAWARE has not ceased offering payday loans through unaffiliated third-party retailers because it permits CHECK 'N GO and CHECK 'N GO ONLINE to purport to offer loans made by FIRST BANK OF DELAWARE that require consumers to supply access to their checking accounts as collateral, in

violation of the California Deferred Deposit Transaction Law. Upon information and belief, FIRST BANK OF DELAWARE also intends to allow MONEY MART and CUSTOMCASH ONLINE to use a similar mechanism to offer loans through CUSTOMCASH ONLINE's Internet site, which arrangement will also violate the Deferred Deposit Transaction Law.

31. Furthermore, notwithstanding its representations, FIRST BANK OF DELAWARE has not ceased offering installment loans through third-party retail vendors. Instead, FIRST BANK OF DELAWARE continues to purport to act as the lender for installment loans brokered and marketed by third party retailers such as CHECK 'N GO and MONEY MART.

32. FIRST BANK OF DELAWARE unlawfully aids and abets violations of the California Finance Lenders Law by permitting CHECK 'N GO and CHECK 'N GO ONLINE to purport to broker installment loans for consumers where the terms of these loans violate the California Finance Lenders Law. Prior to April 2007, FIRST BANK OF DELAWARE unlawfully aided and abetted violations of this law by permitting MONEY MART to purport to broker similar installment loans that did not comply with the terms of this law. At present, FIRST BANK OF DELAWARE intends to aid and abet further violations of the California Finance Lenders Law by allowing MONEY MART and CUSTOMCASH ONLINE to promote and broker installment loans that do not comply with the terms of this law.

33. To the extent that CHECK 'N GO and CHECK 'N GO ONLINE are the true lenders of the unlawful loans that they purport to broker, FIRST BANK OF DELAWARE aids and abets these unlawful loans because FIRST BANK OF DELAWARE pretends to be the true lender and thereby attempts to assist CHECK 'N GO and CHECK 'N GO ONLINE to evade the requirements of the California Finance Lenders Law. To the extent that MONEY MART was the true lender of unlawful loans that it purported to broker prior to April 2007, FIRST BANK OF DELAWARE aided and abetted these unlawful loans because FIRST BANK OF DELAWARE pretended to be the true lender and thereby attempted to assist MONEY MART in evading the requirements of the California Finance Lenders Law. Moreover, even if FIRST BANK OF DELAWARE is the true lender of the short-term installment loans offered by

13
COMPLAINT

MONEY MART, CHECK 'N GO, and CHECK 'N GO ONLINE, FIRST BANK OF DELAWARE nonetheless has aided and abetted violations of the California Finance Lenders Law by cooperating with brokers who are subject to that law to offer loans that violate that law.

34. FIRST BANK OF DELAWARE also unlawfully aids and abets violations of the California Deferred Deposit Transactions Law in that it permits CHECK 'N GO and CHECK 'N GO ONLINE to offer loans purportedly made by FIRST BANK OF DELAWARE that require consumers to make their checking accounts available as collateral on the loans, where these loans do not comply with the California Deferred Deposit Transactions Law. Upon information and belief, FIRST BANK OF DELAWARE intends to engage in the same unlawful and unfair conduct with respect to the loans that it intends to make or purport to make through the CUSTOMCASH ONLINE Internet site.

### CAUSE OF ACTION FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 AGAINST ALL DEFENDANTS

35. THE PEOPLE incorporate by reference paragraphs 1 through 34 inclusive.

36. California Business and Professions Code section 17200 prohibits any "unlawful, unfair or fraudulent business act or practices." DEFENDANTS, and each of them, have engaged in unlawful, unfair and deceptive business acts and practices in violation of section 17200. Such acts and practices include but are not limited to the following:

   a. DEFENDANTS have violated the California Deferred Deposit Transaction Law, California Financial Code sections 23000 *et seq.*, or aided and abetted violations of the California Deferred Deposit Transaction Law, by the acts and practices set forth in this Complaint;

   b. DEFENDANTS have violated the California Finance Lenders Law, California Financial Code sections 22000 *et seq.*, or aided and abetted violations of the California Finance Lenders Law, by the acts and practices set forth in this Complaint;

c. DEFENDANTS have violated Section 1 of Article XV of the California Constitution, California's usury law, or aided and abetted violations of Section 1 of Article XV of the California Constitution, by the acts and practices set forth in this Complaint;

d. DEFENDANTS' lending and brokering practices constitute unfair business practices because they offend established public policy, and because the harm they cause to consumers in California greatly outweights any benefits associated with those practices; and

e. DEFENDANTS have engaged in misleading and unfair advertising;

## PRAYER FOR RELIEF

THE PEOPLE pray for judgment against DEFENDANTS as follows:

1. An order by which the Court enjoins the DEFENDANTS from performing or proposing to perform or aiding and abetting any acts of unfair competition in California;

2. An order that DEFENDANTS restore to California borrowers all funds improperly received by DEFENDANTS;

3. An order rescinding all loan contracts between California borrowers and any DEFENDANT made or brokered in violation of California law;

4. An order by which the COURT requires the DEFENDANTS to cooperate fully to remove all adverse information related to loan contracts made or brokered in violation of California law from the credit reports of consumers harmed by DEFENDANTS' unfair practices;

5. An order that DEFENDANTS pay $2,500.00 in civil penalties for each violation of section 17200;

6. Costs of suit; and

///
///
///
///
///

15
COMPLAINT

7.    For such further and additional relief as the Court deems proper.

Dated: April 26, 2007

        DENNIS J. HERRERA
        City Attorney
        OWEN J. CLEMENTS
        Chief of Special Litigation
        PETER J. KEITH
        CHRISTINE VAN AKEN
        ANN M. O'LEARY
        Deputy City Attorneys

By: _____
     CHRISTINE VAN AKEN
     Attorneys for Plaintiff
     THE PEOPLE OF THE STATE OF
     CALIFORNIA, ex rel. San Francisco City Attorney
     Dennis J. Herrera

COMPLAINT